UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JASON PHILLIPS,

                     Plaintiff,

                                                                         9:09-CV-1328
v.                                                                (GTS/RFT)

LESTER WRIGHT, Dr., Deputy Commissioner
and Chief Medical Officer; JESUS FLORESCA,
M.D., Ulster Correctional Facility; ZULMA,
M.D.,[1] Mid-Orange Correctional Facility;
SUSAN MUELLER, M.D. Wallkill Correctional
Facility; TIMOTHY WHALEN; and
APS HEALTHCARE, INC.,

                     Defendants.
_____

APPEARANCES:                                   OF COUNSEL:

STOLL, GLICKMAN & BELLINA, LLP       CYNTHIA H. CONTI-COOK, ESQ.
   Counsel for Plaintiff
71 Nevins Street
Brooklyn, New York 11217

HON. ERIC T. SCHNEIDERMAN            CHARLES J. QUACKENBUSH, ESQ.
Attorney General for the State of New York   Assistant Attorney General
   Counsel for Defendants
The Capitol
Albany, New York 12224

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      Currently before the Court in this *pro se* prisoner civil rights action filed by Jason

Phillips ("Plaintiff") are the following: (1) a motion to dismiss for failure to state a claim upon

---

[1] The Complaint spells this individual's name as "Zulma." (Dkt. No. 1.) However, in his memorandum of law in opposition to Defendants' motion to dismiss, Plaintiff states that "Zamilus" is an approximate spelling. "Zamilus" will be used herein.

which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6), filed by Lester Wright, Jesus Floresca, Zamilus, MD, Susan Mueller, Timothy Whalen, and APS Healthcare, Inc. ("Defendants") (Dkt. No. 12); (2) Plaintiff's cross-motion to Amend/Correct his Complaint (Dkt. No. 25); (3) United States Magistrate Judge Randolph F. Treece's Report-Recommendation, recommending that (a) Defendants' motion to dismiss be granted in part and denied in part, such that Defendants Floresca, Zamilus, and Mueller be dismissed from this action, and (b) Plaintiff's cross-motion to amend his Complaint be granted in part and denied in part (Dkt. No. 25); and (4) the parties' Objections to that Report-Recommendation (Dkt. Nos. 29-31).  For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety; Defendants' motion is granted in part and denied in part; Plaintiff's cross-motion is granted in part and denied in part; and Plaintiff's revised proposed Amended Complaint (Dkt. No. 31) is accepted for filing.[2]

## I.     RELEVANT BACKGROUND

### A.     Plaintiff's Claims

Plaintiff filed his Complaint *pro se* on November 27, 2009.  (Dkt. No. 1.)  Generally, construed with the utmost of liberality, Plaintiff's Complaint alleges that, between September 2007 and September 2009, while he was incarcerated at several New York State Department of Correctional Services correctional facilities,[3] Defendants failed to surgically remove a lump on

---

[2]     The Court notes that, concurrently to objections to the Report-Recommendation, Plaintiff filed a document that he incorrectly designated on the docket sheet as an "Amended Complaint." (Dkt. No. 31.)  In fact, that document is Plaintiff's revised proposed Amended Complaint.

[3]     Between September 2007 and September 2009, Plaintiff was incarcerated at Ulster, Mid-Orange, and Wallkill correctional facilities.

his back due to prison policy that categorizes all benign lipomas as surgically unwarranted,[4] despite the fact that (1) the lump continued to grow, (2) caused him severe pain and discomfort, and (3) limited his range of motion in his right arm. (Dkt. No. 1, "Facts," at 4-7.) For a more detailed recitation of the factual allegations giving rise to Plaintiff's claims, the Court refers the reader to the Complaint in its entirety, and to Magistrate Judge Treece's thorough Report-Recommendation, which accurately summarizes that Complaint. (*See generally* Dkt. Nos. 1, 28.)

Based on these factual allegations, Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs, in violation of his rights under the Eighth Amendment to the United States Constitution. (Dkt. No. 1, "Points of Law," at 7-9.)

**B.     Relevant Procedural History**

On January 22, 2010, Defendants filed their motion to dismiss Plaintiff's Complaint for failure to state a claim. (Dkt. No. 12.) In support of their motion, Defendants argue that Plaintiff's Eighth Amendment claims must be dismissed because he has failed to allege facts plausibly suggesting that (1) his lipoma constituted a serious medical need that required surgical removal, and (2) Defendants were deliberately indifferent to that serious medical need. (Dkt. No. 12, at 5-7.)

On April 9, 2010, Plaintiff submitted a memorandum of law in opposition to Defendants' motion to dismiss and in support of his cross-motion to amend his Complaint. (Dkt. No. 25.) In that memorandum of law, Plaintiff argues, *inter alia*, as follows: (1) his allegations that his lipoma caused him to suffer pain and debilitation, which interfered with his daily activities,

---

[4]     A lipoma is a "benign tumor composed chiefly of fat cells." The American Heritage Medical Dictionary (Rev. ed. 2007)

plausibly suggest that his lipoma constitutes a serious medical need; (2) his allegations that Defendants Wright, Whalen, and APS Healthcare, Inc., categorized lipoma surgeries as cosmetic without considering location, pain, or growth rate, plausibly suggest that these Defendants were deliberately indifferent to his serious medical needs; and (3) his allegations that Defendants Floresca, Mueller, and Zamilus repeatedly delayed requests for surgery consultations, failed to appeal disapprovals for surgery, and substituted pain management for surgery, plausibly suggest a claim of deliberate indifference to his serious medical needs. In addition, now proceeding through counsel, Plaintiff seeks leave to amend his original Complaint. (Dkt. No. 25, at 27.)

On August 11, 2010, Magistrate Judge Treece issued a Report-Recommendation recommending as follows: (1) that Defendants' motion to dismiss be granted with regard to Plaintiff's claims against Defendants Floresca, Mueller, and Zamilus based on a lack of personal involvement;[5] (2) that Defendants' motion to dismiss be denied with regard to Plaintiff's claims against Defendants Wright, Whalen, and APS Healthcare, Inc.; and (3) that Plaintiff's cross-motion to amend his Complaint be granted in part and denied in part. (*See generally* Dkt. No. 28.)[6] Familiarity with the grounds of Magistrate Judge Treece's Report-Recommendation is assumed in this Decision and Order, which is intended primarily for the review of the parties.

---

[5] In his memorandum of law in opposition to Defendants' motion to dismiss, Plaintiff argues that, because of "the illegible signature on the Mid-Orange Facility progress notes for the medical doctor visits[,]" Plaintiff has been unable to successfully serve Defendant Zamilus despite two separate attempts. However, Magistrate Judge Treece recommended that this Defendant be dismissed from the action because Plaintiff's claims against this Defendant lack merit; therefore, recommended Judge Treece, affording Plaintiff the opportunity to properly serve him would be futile.

[6] More specifically, Magistrate Judge Treece stated in his Report-Recommendation that, in the event this Court adopts his recommendations, Plaintiff must file a new Amended Complaint within thirty (30) days of the date of such adoption consistent with his recommendations. (Dkt. No. 28.)

On August 19, 2010, Defendants submitted their objections to the Report-Recommendation. (Dkt. No. 29.) In their objections, Defendants argues as follows: (1) Plaintiff has failed to allege facts plausibly suggesting that he suffered from a serious injury, which the Second Circuit has defined as "a condition of urgency, one that might produce death, degeneration, or extreme pain"; and (2) he has failed to allege facts plausibly suggesting that Defendants were deliberately indifferent to his serious medical needs, in part because allegations of disagreement with a treatment plan do not give rise to an Eighth Amendment deliberate indifference to serious medical needs claim. (Dkt. No. 29.)

On August 26, 2010, Plaintiff submitted a letter-brief in response to Defendants' objections to the Report-Recommendation. (Dkt. No. 30.) In this letter-brief, he argues, *inter alia*, that this Court should review the Report-Recommendation for clear error because Defendants' objections are general in nature, and simply restate arguments previously raised and rejected by Magistrate Judge Treece. (*Id*.)

On August 26, 2010, Plaintiff filed a revised proposed Amended Complaint in support of his cross-motion to amend. *See*, *supra*, Note 2 of this Decision and Order; (Dkt. No. 31.)

## II. APPLICABLE LEGAL STANDARDS

### A. Standard of Review Governing a Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[7]

---

[7] On de novo review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1)(C). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a

When only general objections are made to a magistrate judge's report-recommendation, or where the objecting party merely reiterates the same arguments taken in its original papers submitted to the magistrate judge, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[8] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

    **B.**    **Standard Governing a Motion to Dismiss**

Magistrate Judge Treece correctly recited the legal standards governing a motion to dismiss for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6), as well as a motion to amend a pleading, pursuant to Fed. R. Civ. P. 15. (Dkt. No. 28, at 6-9.) As a result, these standards are incorporated by reference in this Decision and Order.

---

magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

    [8]    *See also Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. County of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

**III.   ANALYSIS**

As an initial matter, the Court concludes that Defendants' two-page Objections are simply reiterations of arguments previously asserted, and rejected, by Magistrate Judge Treece. As a result, the Court need review Magistrate Judge Treece's Report-Recommendation only for clear error.

After carefully reviewing all of the papers in this action, including Magistrate Judge Treece's thorough Report-Recommendation, and the Objections submitted thereto, the Court concludes that the Report-Recommendation is well-reasoned and not clearly erroneous. Magistrate Judge Treece employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court accepts and adopts the Report-Recommendation for the reasons stated therein. The Court would only add three points.

First, the Court finds that Magistrate Judge Treece's Report-Recommendation would survive even a *de novo* review. Second, Defendants' characterization of Plaintiff's alleged serious medical needs is inaccurate. For example, contrary to Defendants' characterization of Plaintiff's allegations as describing merely "some degree of discomfort," in fact those allegations describe at least a dozen occasions on which Plaintiff specifically complained to medical staff of pain, which he characterized as "great," "chronic," "increased," and/or "extreme[]." The plausibility of this alleged pain is further suggested by Plaintiff's allegation that the alleged delay in surgery he experienced was approximately a year and nine months in length (occurring from approximately December 20, 2007, to September 25, 2009), during which time the lipoma on his right shoulder blade allegedly grew from eight by four centimeters in size to fifteen by eleven centimeters in size. Third, the Court finds that Plaintiff's revised proposed Amended Complaint is consistent with the recommendations in the Report-Recommendation. *See*, *supra*, Note 2 of

this Decision and Order. For example, in that proposed pleading, Plaintiff has removed Defendants Floresca, Zamilus, and Mueller as parties to the action. As a result, the Court accepts Plaintiff's revised proposed Amended Complaint for filing, and deems it to be the operative pleading.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Treece's Report-Recommendation (Dkt. No. 28) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 12) is **GRANTED in part** and **DENIED in part** in the following respects:

1. Plaintiff's claims against Defendants Floresca, Zamilus, and Mueller are **DISMISSED**; and

2. Plaintiff's claims against Defendants Wright, Whalen, and APS Healthcare, Inc., survive Defendants' motion to dismiss; and it is further

**ORDERED** that Plaintiff's motion to amend his Complaint (Dkt. No. 25) is **GRANTED** as to Defendants Wright, Whalen, and APS Healthcare, Inc., and Plaintiff's revised proposed Amended Complaint (Dkt. No. 31) is accepted for filing.

Dated: January 11, 2011
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge